## FRANK SEIFERT v. GLADYS GALLET.[1]

April 17, 1924.

No. 23,735.

**Case followed.**

. Vacation of forged stipulation of dismissal, and judgment thereon, granted upon return of money paid therefor. [Reporter.]

Action in the district court for Hennepin county to recover $10,-000 for injuries caused by defendant's negligent driving of a motor vehicle. From an order Bardwell, J., granting plaintiff's motion to set aside the stipulation and order of dismissal, to vacate the judgment docketed in the office of the clerk of court and to reinstate the case on the jury calendar, defendant appealed. Reversed.

*Lancaster, Simpson, Junell & Dorsey* and *Leavitt R. Barker*, for appellant.

*A. A. Tenner*, for respondent.

PER CURIAM.

This case is substantially the same as that of Hernlund v. The Town and Country Motors, Inc., which immediately precedes this, except that judgment had been entered upon the stipulation. We do not think this prevented the court from granting relief against the wrongful and unauthorized acts of plaintiff's attorney, but the relief should have been conditioned upon plaintiff restoring to defendant the sum paid in reliance upon the release and stipulation.

The additional proposition is made by defendant that it was incumbent on plaintiff to show the settlement to have been improvident before it could be set aside, and that this was not done. Plaintiff never having authorized the settlement of the cause of action, he and not the court had the right to determine whether the settlement attempted by the attorney was or was not provident.

The order is reversed with direction to the court below to enter an order in harmony herewith.

[1] Reported in 198 N. W. 664.